**IRWIN, Estate of, In Re; BERNHARD, et, Plaintiffs-Appellees, v. IRWIN, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1885. Decided January 8, 1948.

H. S. Leonard, Dayton, for plaintiffs-appellees.
Otterbein Creager, Dayton, for defendant-appellant.

## OPINION

By HORNBECK, J.:

This is an appeal on questions of law from an order of the Probate Court setting aside the proceedings of the administration of the estate of Lova W. Irwin, deceased, and removing Fred S. Irwin as administrator of said estate.

Lova W. Irwin died in Dayton, Ohio, on November 7, 1943, and thereafter on application of Fred S. Irwin, who represented under oath that he was the widower of said decedent and lists no next of kin, he was appointed administrator of said estate and had practically completed its administration when removed by the order of the court, from which the appeal is prosecuted.

The claim of the appellees was that Fred S. Irwin was not, at the death of Lova W. Irwin, her widower, therefore not eligible to be named as her administrator. Upon this claim the appellant took issue and asserted that he was the husband of said decedent in her lifetime and at her death, having contracted a common law marriage with her.

The factual developments relate to the question whether or not appellant was the common law husband of Lova W. Irwin at the time of her death. There is no other issue, as was asserted by Mr. Irwin in the Probate Court and is argued by his counsel there and here.

It may also be said that there is no issue as to any element essential to constitute common law marriage but one, namely, the contract in praesenti to live together as husband and wife. Finally, there is but one test to be applied to determine if that element of a common law contract to marry has been established, namely, the credibility of Fred S. Irwin, who only testified on the subject.

The trial judge, trying the facts, held that Mr. Irwin under all the circumstances appearing was not worthy of belief and therefore had not established an essential of common law

marriage as was incumbent upon him to do. It is not necessary to cite authorities to counsel in this case to establish the right, as a matter of law, of the trier of the facts to weigh them and to determine the credibility of a witness. There is the well recognized rule of falsus in uno, falsus in omnibus, which courts and juries have full right within their discretion to apply. What, then, were some of the developments in the evidence upon which the trial judge had the right to discredit the testimony of the appellant?

On July 3, 1922, at Covington, Kentucky, Mr. Irwin married Lova Williams. He was at that time and had been from December 26, 1902, the husband of Jane Wilson, whom he married at Detroit, Michigan, on that date. When he entered the bigamous relationship with Lova Williams he was fully cognizant of the fact that he was a married man, although this information was carefully kept from her. During the time that appellant and decedent in her lifetime lived together as husband and wife, he divided his time between Dayton, Ohio, and Detroit, where his wife lived, and during part of this time, at least, consorted with her. On August 5, 1927, Jane Wilson, his wife, divorced him in Wayne County Michigan. On November 9, 1932, at Holly, Michigan, while continuing to hold himself out as the husband of Lova Irwin, he again married Jane Wilson. Within about two weeks after the death of Lova W. Irwin his wife, Jane, came to Dayton and moved into the former home of Lova and he continued to live there with Jane for several months when it was discovered that she claimed that she was his wife.

It is the claim of appellant that, succeeding his divorce from his wife, Jane, the time not fixed, he explained to Lova his former marriage and that he then asked her "again to become his wife and that she accepted him as her husband."

Upon the death of Lova, appellant claims that he found what purported to be her last will and testament under a rug in their home. The instrument was delivered to the Probate Court and offered for probate by appellant. The purported witnesses to this will testified that their names, as witnesses to the will, were not their signatures, that they did not see the decedent sign the will or hear her acknowledge her signature thereto. The court refused to probate the proffered will. Patently, appellant had a distinct pecuniary advantage to be gained either by the probating of the will or when it failed of probate by representing that he was the widower of decedent, and thus had the motive which might account for misrepresentation in both of the foregoing instances.

Appellant urges that the second ceremonial marriage with his wife, Jane Wilson, was forced upon him, but that it occurred while he was living with and holding himself out as the husband of Lova Irwin is not denied. It further appears that in his application for the marriage license he stated that he had been married once before although he knew that he had entered into two ceremonial marriages before.

The mere statement of the foregoing occurrences and the admitted meretricious conduct of the appellant, together with the permissible inferences that may be drawn from the other facts afford ample reason for the refusal of the trier of the facts to believe the statements of the appellant upon which the common law marriage must have been proven, if at all.

There is not a scintilla of evidence in this record, save only that of the appellant, that during the years when she and appellant held themselves out as husband and wife that she knew of either marriage of appellant to Jane Wilson. One witness says that Lova knew of Jane Wilson but that is far from proof that she knew that Jane was the wife of the man who was living with her (Lova) as her husband.

The conduct of Lova throughout the years after her ceremonial marriage to the appellant is fully in accord with the theory that she never realized the true relationship existing between herself and appellant. It is urged that appellant gave a deed of his half interest in their home to Lova and signed a mortgage on said home as her husband. These acts were consistent with the holding-out as husband and wife but are not proof of the substantive element of the contract between the parties to live as husband and wife following his divorce.

The case of **Johnson v Wolford, 117 Oh St 136,** has some facts which are similiar to those in the instant appeal. There, the court held that a valid marriage at common law had been established. The material difference is that in the cited case both parties to the marital contract were innocent and in good faith entered into the ceremonial marriage which may have been void when contracted. Here, the appellant was not innocent nor did he act in good faith in the ceremonial marriage with Lova Irwin, nor in maintaining the marital relationship with her during the period while married to Jane Wilson.

The trial judge was well within his discretionary right in holding that the testimony on the essential element of the common law marriage, namely, the contract in praesenti was not worthy of belief and therefore that the marriage did not exist and that at the time of the appointment of appellant,

he was not the widower of Lova W. Irwin, deceased.
The judgment will be affirmed.

MILLER, J, concurs.
WISEMAN, PJ, not participating.